IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BECKI BEACH,

                                                                          ORDER

              Plaintiff,

                                                                        14-cv-857-bbc

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The parties have filed a motion for remand under sentence four of Section 205(g) of the Social Security Act, specifying the directive they want the appeals council to give the administrative law judge on remand, which is "to reassess plaintiff's residual functional capacity and offer rationale regarding how the psychological limitations reflected in that assessment accommodate the severity of restriction evaluated in the broad functional area of maintaining concentration, persistence, or pace." Jt. stip., dkt. #11, at 1. They add that the administrative law judge is also to obtain supplemental vocational expert evidence at step four and, as necessary, step five of the sequential evaluation process. Id.

      Because the parties have agreed on the wording of the remand order and the directive, it may well be that the council and the administrative law judge will understand it. However, I would be at a loss if I were required to determine in the future whether the terms of the directive had been met. After reviewing the administrative law judge's opinion, my best guess is that the parties want the newly assigned administrative law judge to undertake

1

a new assessment of plaintiff's residual functional capacity, including her psychological and mental limitations, and then determine how her ability to maintain concentration, persistence and pace in the workplace is accounted for in that assessment. It would be helpful to hear from the parties on this question.

ORDER

IT IS ORDERED that the parties may have until July 30, 2015, in which to advise the court whether they agree with my interpretation of the question on remand and, if they do not agree, how they believe the question should be reworded for greater clarity.

Entered this 21st day of July, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge