IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BECKI BEACH,

                                                          ORDER

                       Plaintiff,

                                                         14-cv-857-bbc

    v.

NANCY BERRYHILL,

                     Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Becki Beach filed this lawsuit in 2014, seeking review of an administrative decision that denied her request for disability benefits under the Social Security Act. After plaintiff filed a motion for summary judgment, the parties agreed to a remand so that the administrative law judge could reevaulate plaintiff's psychological limitations, among other things. After I granted the motion to remand, the parties stipulated to an award under the Equal Access to Justice Act of $5,400 in attorney fees for the proceedings up until that time. Dkt. ##22 and 23. Now plaintiff's attorney, Dana Duncan, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b), which allows the court to award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). See also McGuire v. Sullivan, 873 F.2d 974, 980 (7th

---

[1] I have amended the caption to reflect the current acting commissioner of the Social Security Administration, in accordance with Fed. R. Civ. P. 25.

Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness.").

It is not immediately clear whether Duncan is seeking an award of $10,825.35 or $16,225.35. His motion states that he is asking for $10,825.35, but he arrives at that number by subtracting $5,400 (his award under EAJA) from $16,225.35, which he says is 25 percent of the past benefits awarded to plaintiff. Dkt. #25 at 2 ("Counsel seeks an award of $10,825.35 ($16,225.35 - $5,400.00 = $1[0],[8]25.35."). It may be that Duncan is subtracting his EAJA award because of 28 U.S.C. § 2412, which prohibits him from keeping both awards. (There may be another reason as well, which I will discuss at the end of the opinion.) However, Duncan has already received the $5,400 and the reasonableness of an award under § 406(b) is determined without reference to the EAJA, so it makes little sense to include the fee awarded under EAJA in a calculations for an award under § 406(b). In future fee petitions under § 406(b), Duncan should not include a previous EAJA award in his calculations. In any event, Duncan's fee agreement with plaintiff states that he is entitled to 25 percent of the award for past benefits, dkt. #25-1, and $16,225.35 is 25 percent of $64,901.40, the amount that Duncan calculates as the past benefits awarded, so I understand Duncan's position to be that he is entitled to an *additional* $10,825.35 for a total of $16,225.35.

When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. The Court provided two instances in which it would be

2

appropriate to reduce an award. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id. Other courts in this circuit have considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. Westlund v. Berryhill, No. 15-cv-450-jdp, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017) (citing Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and McGuire, 873 F.2d at 979, 983).

In arguing that his requested fee is reasonable in this case, Duncan gets off on the wrong foot by including time spent in the administrative proceedings. It is clear from the text of the statute that § 406(b) applies only to attorney fees related to *court* proceedings, a conclusion confirmed by multiple courts in this district, including this court. E.g., Heise v. Colvin, No. 14-cv-739-jdp, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (Peterson, J.) ("[U]nder § 406 each tribunal may award fees only for the work done before it[,] . . . [s]o I will limit my reasonableness evaluation to Duncan's work before this court, and he can pursue the rest of his contingency fee from the Commissioner.") (citations and internal quotations omitted); Stemper v. Astrue, No. 04-cv-838-jcs, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (Crabb, J.) ("§ 406(b) governs fees for representation in court and not in the administrative proceedings."). It is unclear why, nine years after this court held otherwise, Duncan continues to try to use § 406(b) to obtain fees for time spent in

3

administrative proceedings.

However, even if time spent in administrative proceedings is disregarded, Duncan's records show that he spent 20.25 hours on matters related to court proceedings, including the preparation of a motion for summary judgment, and his paralegal spent another 19.65 hours on those matters. Dkt. #25-4. Although it appears to be an open question in this circuit whether paralegal time may be considered in assessing the reasonableness of a fee request under § 406(b), I see no reason to exclude it. <u>Richlin Secretary Service Co. v. Chertoff</u>, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); <u>Missouri v. Jenkins</u>, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). Awarding Duncan $16,225 for this combined time would be the equivalent a rate of approximately $600 an hour for Duncan and $200 an hour for his paralegal. In light of Duncan's experience, the risk he incurred and the amounts awarded by other courts in similar cases in both this court, <u>e.g.</u>, <u>Stemper</u>, 2008 WL 2810589, at *2 (approving effective rate of $666), and the courts cited in Duncan's brief, I conclude that the amount is reasonable.

One wrinkle remains. When awarding benefits to plaintiff, the Social Security Administration stated that it was withholding 25 percent of the benefits for a potential award of attorney fees, as it usually does. However, for reasons it did not explain, it withheld only $10,846.50, which is significantly less than 25 percent of the benefits that Duncan calculated. Although the administration's award letter does not include a sum of past benefits, it includes the monthly amount to which plaintiff is entitled since she became

4

eligible for benefits. From these amounts, Duncan's calculation of the sum does not appear inflated and the commissioner does not point to any errors in his calculation.

This means that the administration does not have the full $16,225 to which I have concluded that Duncan is entitled. However, because Duncan already has received $5,400 in fees under EAJA and he cannot keep both awards, 28 U.S.C. § 2412, it makes sense simply to reduce Duncan's award by $5,400 and relieve him of the duty to refund that amount. This may be why Duncan subtracted $5,400 from his petition in the first place. If $5,400 is subtracted from $16,225.35, this leaves $10,825.35, which is less than the amount withheld by the administration.

ORDER

IT IS ORDERED that attorney Dana Duncan's motion for attorney fees, dkt. #25, is GRANTED. Duncan is AWARDED $10,825.35 in fees under 42 U.S.C. § 406(b). Because that amount excludes the $5,400 that Duncan received under the Equal Access to Justice Act, Duncan need not return his EAJA award. The remaining amount withheld by the Social Security Administration should be paid to plaintiff Becki Beach.

Entered this 1st day of August, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge